IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Nogales, Jr. and<br>Paul N. Papas II,<br><br>    Plaintiffs,<br><br>vs.<br><br>America's Servicing Co., et al.,<br><br>    Defendants. | No. CV-13-034-TUC-FRZ-DTF<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court are Defendant Deep Canyon's Motion to Dismiss and Defendant Wells Fargo's[1] Motion to Dismiss. (Docs. 10, 11.) Plaintiffs responded to both motions and Defendants filed replies. (Docs. 14, 16, 19, 23.) Pursuant to the Rules of Practice in this Court, the matter was assigned to Magistrate Judge Ferraro for a report and recommendation. The Magistrate recommends the District Court, after its independent review of the record, enter an order granting the motions to dismiss.

## BACKGROUND

The facts of this paragraph are taken as true from the Amended Complaint. (Doc. 1-3.) Plaintiff William Nogales, Jr. alleges he is the owner of property at 323 E. Olive Street, Tucson, Arizona. Nogales obtained the property and granted a deed of trust to secure a loan for the purchase on November 30, 2005. In a document recorded on December 1, 2012, Nogales granted Plaintiff Paul Papas an option to purchase the property. Defendant Wells

---

[1] The named Defendants connected to Wells Fargo are America's Servicing Company and Wells Fargo HM Mortgage. Defendants have clarified that the proper entity is Wells Fargo Bank, N.A. The Court will refer to these Defendants as Wells Fargo.

Fargo is alleged to have sold the property to Defendant Deep Canyon in a December 6 non-judicial foreclosure sale. Plaintiffs allege Defendants do not own the property and their sale was fraudulent. They contend there were unauthorized assignments of the mortgage causing a break in the chain of title. Therefore, the trustee did not have legal authority to institute a foreclosure action. Plaintiffs also allege the Notice of Default overstated the sums due. Plaintiffs allege six claims all of which challenge the validity of the foreclosure sale. Plaintiffs seek injunctive and declaratory relief, precluding any further transfer of the property and declaring that Defendants have no right to conduct a non-judicial foreclosure and any such sale is void.

Plaintiff Nogales is deceased as of April 11, 2013. His wife filed a request to remove him from the case because his family does not wish to continue the matter. (Doc. 35.) Defendant Deep Canyon and Plaintiff Papas objected to this request, in part, because they contend she is not a party and cannot represent his interests. (Docs. 36, 37.)

## DISCUSSION

Defendants argue that Plaintiffs' Amended Complaint fails to state a claim for relief and is subject to dismissal under Rule 12(b)(6).

### Standard for Rule 12(b)(6) Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint must allege facts sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard does not amount to a probability requirement, however, it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* In evaluating a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the nonmoving party." *Wyler Summit P'hip v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, "the court [is not] required to

accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Likewise, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**Motion to Dismiss Deep Canyon**

Defendant Deep Canyon argues it should be dismissed because the property was purchased by a company named Posco PSP, LLC, not by Deep Canyon. Attached to Deep Canyon's motion is a recorded Trustee's Deed Upon Sale. (Doc. 10-1.) Under Rule 12(b)(6), the Court generally cannot consider any material outside the complaint. *S.F. Patrol Special Police Officers v. City and Cnty. of S.F.*, 13 F. App'x 670, 675 (9th Cir. 2001). Defendant did not justify its attachment of the deed and Plaintiffs did not object to it. There are exceptions to the rule, one of which is that the Court may consider a document if it is a matter of public record of which the Court can take judicial notice. *Id.* Because the deed has been recorded at the county, the Court considers it as a public record in ruling on the motion to dismiss.

First, as established by the Trustee's Deed Upon Sale, Deep Canyon does not in fact own the property. (Doc. 10-1.) At the foreclosure sale, the property was sold to Posco PSP, LLC. (*Id.*) Plaintiffs allege in their response to the motion that Deep Canyon and Posco are partners and liable for one another's obligations. None of these allegations are contained in the Amended Complaint and Plaintiffs do not provide any support for these assertions. Because the deed establishes that Deep Canyon did not purchase the property at the foreclosure sale as alleged in the Amended Complaint, there is no basis for liability against it relating to the sale and it should be dismissed.

Second, Plaintiffs have not set forth any factual allegations against Defendant Deep Canyon, other than its erroneous assertion that it was the purchaser of the property at the foreclosure sale. Thus, the Amended Complaint does not allege any facts providing a basis

- 3 -

1 for relief under any of the legal theories asserted. Deep Canyon is entitled to dismissal
2 because nothing in the complaint allows the Court to infer it is liable to Plaintiffs for the
3 misconduct alleged. *See Iqbal*, 556 U.S. at 678.

4 Even if Posco were to be added to the case as a defendant, there are no grounds on
5 which to hold Posco liable for the allegedly improper foreclosure sale. Arizona law provides
6 that a trustee's deed conveys to the purchaser all title and interest of the trustee, trustor,
7 beneficiary and their successors, without right of redemption. A.R.S. § 33-811(E). Therefore,
8 the purchaser obtained all title to the property and Plaintiffs' interests were extinguished. *See*
9 *Madison v. Groseth*, 279 P.3d 633, 638, 230 Ariz. 8, 13 (Ct. App. 2012). Therefore, the
10 Court finds no basis to allow amendment of the complaint to cure the defects.

**Defendant Wells Fargo**

Defendant Wells Fargo argues that all claims against it should be dismissed because it was not properly served, this action is barred by A.R.S. § 33-811(C), and Plaintiff has failed to state a claim upon which relief can be granted.

The Court first addresses Defendant's argument that Plaintiffs' claims are barred by Arizona statute because it finds the issue to be dispositive. A.R.S. § 33-811(C) provides:

> The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale. A copy of the order, the application for the order and the complaint shall be delivered to the trustee within twenty-four hours after entering the order.

Although Plaintiffs initiated this lawsuit on December 3, 2012, there is no question that they failed to obtain an injunction prior to the December 6 sale. Therefore, Plaintiffs waived all defenses and objections to the sale. *See Madison*, 279 P.3d at 638, 230 Ariz. at 13. All of Plaintiffs' claims arise from their objection to the sale, and because those objections are waived the claims fail as a matter of law. *Id.*

The only rebuttal Plaintiffs make to this argument is that a sale can be reversed under the Uniform Fraudulent Transfer Act (UFTA), upon which their complaint relies. The UFTA

- 4 -

provides remedies for present and future creditors when a debtor has made a fraudulent transfer of property, and one of the remedies is avoidance of the transfer. A.R.S. §§ 44-1004, 44-1005, 44-1007. Wells Fargo is not alleged to be a debtor nor are Plaintiffs creditors as to Wells Fargo. *See* A.R.S. § 44-110 (defining the terms). Thus, the UFTA has no application to this case.

The Court finds Plaintiffs have waived all objections to the property sale, pursuant to A.R.S. § 33-811(C). Because the validity of the sale underlies all of Plaintiffs' claims, the Amended Complaint fails to state a claim against Wells Fargo. Further, because the entirety of the complaint is focused on invalidating the sale, the Court finds that amendment could not cure the defects.

## CONCLUSION

Based on the foregoing, Deep Canyon's and Wells Fargo's Motions to Dismiss should be granted and the Amended Complaint dismissed. Because the Court has determined that the allegation of additional facts could not cure the complaint, it concludes there is no ground for amendment. *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). Additionally, the Court notes there is a significant question whether there remains a plaintiff with legal standing to pursue claims related to the property in question. Plaintiff Nogales's wife has expressed a desire to remove him from the case since his death. However, the information before the Court is insufficient to definitively determine who has legal authority to represent Nogales's estate. Further, the Court questions whether Plaintiff Papas has any independent right to seek relief regarding the property. The Court does not address these issues because the parties have not briefed them and the entirety of the case is subject to dismissal on other grounds.

As an additional matter, Plaintiff Papas filed two identical Motions to Seize Property, based on the UFTA. (Docs. 29, 30.) Defendants opposed the motions. (Docs. 32, 34.) Because the UFTA does not provide a basis for return of the property, as discussed above, the Court recommends denial of these motions.

- 5 -

## RECOMMENDATION

Based on the foregoing, the Magistrate Judge recommends that the District Court grant Defendants' Motions to Dismiss the Amended Complaint (Docs. 10, 11) and deny Plaintiff Papas's Motions to Seize Property (Docs. 29, 30).

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived.

DATED this 17th day of June, 2013.

D. Thomas Ferraro
United States Magistrate Judge